UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BARRY NANCE | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-225 |
| | ) | 3:99-cr-144 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Barry Nance ("Nance"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside Nance's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  To prevail under § 2255, Nance "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required.  If the motion to vacate, the answer and the records of the case show conclusively that Nance is not entitled to relief under § 2255, there is no need for an evidentiary hearing.  *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.   Factual Background

Nance was indicted in a six-count indictment for possession with the intent to distribute cocaine base ("crack") (Count One), using and carrying a firearm during and in relation to a drug trafficking crime (Count Two), being a felon in possession of a firearm (Counts Three, Four, and Five), and being a felon in possession of ammunition (Count Six). He was convicted by a jury on all counts; the court nevertheless granted his motion for judgment of acquittal on Count Two.  Nance was sentenced to concurrent terms of imprisonment of 84 months.  The judgment was affirmed on direct appeal.  *United States v. Nance*, 40 Fed.Appx. 59 (6th Cir.), *cert. denied*, 537 U.S. 989 (2002).

The Sixth Circuit summarized the evidence against Nance as follows:

> On June 12, 1999, Nance and his girlfriend, Monica Whitt, were involved in an argument, and the Oak Ridge Police were called. The police left after receiving assurances from Whitt that she was fine and that the argument was resolved. However, after the police left, the fight resumed, and Nance hit Whitt and threatened her with a gun. She ordered him to leave, and he started packing his belongings with the help of two friends. While he was removing his belongings, Whitt called the police again to report the assault. When the police arrived, about an hour after their previous visit, Nance was in the parking lot of the apartment building with two males near a truck. The truck contained a bed and some furniture. One officer went upstairs to talk to Whitt. The officer observed a mark on Whitt's face. At that time, Whitt told the officer that Nance had drugs in his pocket and guns in his vehicle. Due to the mark on Whitt's face, the officers arrested Nance.
>
> The police searched Nance's pockets and his car. In his pockets, the police found 10.5 grams of crack cocaine, a small amount of marijuana, a small amount of powder cocaine, a small scale, and $2,230 cash in his wallet. In the car, police found three guns, a flak jacket, and some ammunition. One of the guns, a loaded Lorcin nine millimeter semi-automatic handgun, was in

3

>a shoe box in the backseat within the driver's reach. The other two guns, a 12-gauge shotgun and a loaded .38 caliber revolver, were in the trunk.

*Id*. at 61.

In support of his § 2255 motion to vacate sentence, Nance alleges that he received the ineffective assistance of counsel. In an amendment to the § 2255 motion, Nance also claims he is entitled to relief in light of the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

III.  Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Nance must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Nance alleges numerous instances of ineffective assistance of counsel. He first claims that his attorney failed to pursue plea negotiations with the government. According to Nance, he was informed that the government was only interested in substantial assistance and only learned after trial that he could have received a three-level adjustment had he accepted responsibility for his personal conduct. Nance admits he was caught red-handed with the crack cocaine and states he was prepared to accept his fate. He also states, however, that he would not have agreed to the charge of using a gun in connection with the drug charge.

Nance is apparently arguing that he could have accepted a plea agreement as to the drug charge in count one, challenged the charge in count two of using and carrying a firearm during and in relation to a drug trafficking crime, and still received a three-level reduction for acceptance of responsibility. As the government points out, however, its position was to

5

hold Nance responsible for using a firearm during a drug crime, as evidenced by the government's appeal of the judgment of acquittal on that charge as well as its appeal of the court's refusal to enhance Nance's sentence for possession of a firearm in furtherance of drug trafficking. Thus, the government would not have agreed to a plea agreement dismissing count two and Nance would not have been entitled to a three-level adjustment if he continued to challenge that charge.

In addition, as an exhibit to its response to the § 2255 motion, the government has filed the affidavit of Stephen M. Kissinger, Nance's counsel of record, who testifies as follows:

> I, Stephen M. Kissinger, am a practicing attorney with the Federal Defender Services of Eastern Tennessee in Knoxville, Tennessee. In that capacity, I represented Barry Thomas Nance in the United States District Court for the Eastern District of Tennessee in Criminal Case Number 3:99-cr-144, styled *United States of America v. Barry Thomas Nance*.
>
> Barry Thomas Nance has filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In this motion, Barry Thomas Nance alleges that he received ineffective assistance of counsel. It is Barry Thomas Nance's contention that I failed to pursue negotiations with the United States in order to obtain an acceptable plea bargain, and as a result he was forced to go to trial. He further contends that only after the trial of his case was he informed that if he had entered a plea of guilty and accepted responsibility for his personal conduct, he might have been eligible for a three-level adjustment in his offense level.
>
> I fully advised Barry Thomas Nance of the offer of a plea agreement with the United States, and further advised him of the possibility of receiving a three-level reduction in his offense level for acceptance of responsibility if he accepted the plea agreement. Barry Thomas Nance insisted upon going to trial in this matter.

[Court File No. 3, United States' Response, Exhibit A, Affidavit of Stephen M. Kissinger].

Furthermore, had Nance pleaded guilty to all charges, including the firearm charge, he would have received a mandatory consecutive five-year sentence. Under the circumstances, Nance has failed to demonstrate ineffective assistance of counsel with respect to plea negotiations.

Nance also alleges that, during the cross-examination of Monica Witt, his attorney opened the door to damaging testimony as to his character. According to Nance, his attorney brought out the facts that, at the time of Nance's arrest, he was on parole following a period of incarceration; that Nance had a drug problem; and that Nance had a "dirty" urine screen.

The record reflects that counsel brought out the fact that Nance was on work release, at the time of his arrest, in order to demonstrate a legitimate source for the cash found on him other than drug dealing. Counsel also brought out the fact of Nance's drug addition and dirty urine screen to support the argument that Nance possessed the drugs found on him for personal use, and not for distribution. This court will not second-guess counsel's trial strategy. In addition, the jury was aware of Nance's past incarceration and parole status from testimony other than that of Ms. Whitt. Accordingly, Nance was not prejudiced by his attorney's cross-examination of Ms. Whitt.

Nance also alleges his attorney failed to prepare a defense, as evidenced by his failure to file pretrial motions, particularly a motion to suppress the warrantless search. As the summary by the Sixth Circuit noted, Nance was arrested on a domestic assault charge. Nance was searched pursuant to his arrest, and thus there was no basis upon which counsel

could have moved to suppress the evidence taken from his person. *See United States v. Montgomery*, 377 F.3d 582, 586 (6th Cir. 2004) ("Under the 'search-incident-to-a-lawful-arrest' exception to the warrant requirement, a law enforcement officer may conduct a full search of an arrestee's person incident to a lawful custodial arrest.") (citations omitted).

Likewise, there was no basis upon which to suppress the evidence found in Nance's truck.

> A police officer may search the passenger compartment of an automobile incident to the lawful custodial arrest of the occupant of the vehicle without a warrant or probable cause. This is so even if the arrestee has been separated from his car prior to the search of the passenger compartment. Further, where police have probable cause to believe that a vehicle contains contraband, they may search the entire vehicle and any containers located within it.

*United States v. Mans*, 999 F.2d 966, 968 (6th Cir. 1993) (citations omitted).

Since there was no basis for Nance's attorney to have filed a motion to suppress the evidence , his failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

Nance also alleges his attorney on appeal rendered ineffective assistance of counsel by failing to raise the foregoing issues on direct appeal. The court having found that the foregoing issues lack merit, it was not ineffective assistance of counsel to fail to raise the issues on direct appeal. *See Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993) (attorney is not required to raise meritless issues on appeal).

8

## B. *Blakely*

In an amendment to his § 2255 motion, Nance alleges his sentence should be vacated pursuant to the U.S. Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time there is no reason to apply *Blakely* retroactively to a § 2255 motion such as petitioner's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation omitted). In addition, any claim petitioner may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005). Accordingly, neither *Blakely* nor *Booker* afford Nance any relief.

9

IV.  Conclusion

Nance is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

　　　　　　　　　　　　　　　　　　s/ Leon Jordan
　　　　　　　　　　　　　　　　United States District Judge